Cole, Ch. J.
The plaintiff sued upon the following order, which was signed by the defendants: “ August 3d, 1868. James Ferguson, Chicago, 111.: You will please manufacture and ship to the undersigned, at Cresco station, Howard county, Iowa, two of your number six warehouse separators, in consideration of which the undersigned agree to pay, with exchange, besides the freight and warehouse charges, the sum of six hundred dollars in cash.” The plaintiff avers that he promptly made and shipped said warehouse separators pursuant to said order; that the defendants refused to receive or pay for them; and he claims $600 for them, $3.00 for exchange, and $150 freight thereon. The defendants answer in denial; aver that the order was made August 2d, 1868, on Sunday; and also aver that by a verbal contract the plaintiff was to set them up, and if after a trial defendants did not like them, plaintiff was to take them away, etc.
Upon the trial there was evidence given to the jury tending to show that the order was obtained on Sunday from defendants, by an agent of plaintiff’s; as to whether the agent was a general or special agent the evidence was conflicting. The court instructed the jury fully as to the powers of a general and of a special agent, as to the time a contract by order was completed, and of the effect of making a contract on Sunday, the subsequent adoption and ratification of such contract, etc., with all of which the appellant is content except with the following: “ An agent is authorized to exercise the usual powers of arranging terms of sale, unless his authority is specially restricted and such restriction is brought home to the knowledge of defendants at the time of making the contract.” Taking all the instructions together, and the connection in which this *471 stands, it is very apparent that the court was, in this, speaking of a general agent, and as applied to such agent, the proposition of law embodied in it is very correct.
' Ve cannot say, in view of the evidence before us, that the verdict is so manifestly against the weight of evidence as to require us to set the same aside. There certainly was some evidence tending to show that the agent was, at least, authorized to hold himself out as a general agent.
Affirmed.